**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-7209**

---

GREGORY A. RICHARDSON,

                                        Petitioner - Appellant,

        versus

JACK LEE,

                                        Respondent - Appellee.

---

**No. 03-7240**

---

GREGORY A. RICHARDSON,

                                        Petitioner - Appellant,

        versus

JACK LEE,

                                        Respondent - Appellee.

---

**No. 03-7455**

---

GREGORY A. RICHARDSON,

                                        Petitioner - Appellant,

        versus

JACK LEE,

                                   Respondent - Appellee.

_____

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, District
Judge.  (CA-02-316-3; CA-02-316)

_____

Submitted:  March 9, 2005            Decided:  May 6, 2005

_____

Before LUTTIG and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Gregory A. Richardson, Appellant Pro Se. William W. Muse, Assistant
Attorney General, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gregory A. Richardson seeks to appeal the district court's orders denying his Fed. R. Civ. P. 60(b) motions seeking reconsideration of the court's order denying Richardson's habeas corpus petition filed under 28 U.S.C. § 2254 (2000). The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 368-69, 374 n.7 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Richardson has not made the requisite showing. We therefore deny Richardson a certificate of appealability, deny his motions for appointment of counsel and "summary judgment," and dismiss the appeal.

Additionally, we construe Richardson's notices of appeal and informal briefs on appeal as applications to file a second or successive habeas petition under 28 U.S.C. § 2254. See United

States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 540 U.S. 995 (2003).  In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense.  28 U.S.C. § 2244(b)(2) (2000).  Richardson's claims do not satisfy either of these conditions.  Therefore, we decline to authorize Richardson to file a successive § 2254 petition.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED